**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

_____

|                          |     |                          |
|--------------------------|-----|--------------------------|
|                          | :   |                          |
| PAUL DEMUTH,             | :   | CIVIL ACTION             |
|                          | :   |                          |
| Plaintiff,               | :   | Case No. 2:17-cv-00675-NBF |
|                          | :   |                          |
| v.                       | :   |                          |
|                          | :   |                          |
| NAVIENT SOLUTIONS, LLC f/k/a | : |                        |
| NAVIENT SOLUTIONS, INC., | :   |                          |
|                          | :   |                          |
| Defendant.               | :   |                          |

_____

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT/
PETITION TO CONFIRM ARBITRATION AWARD**

Defendant, Navient Solutions, LLC f/k/a Navient Solutions, Inc. ("NSL"), hereby

moves to dismiss Plaintiff's Complaint/Petition to Confirm Arbitration Award for the reasons

stated in the accompanying Memorandum of Law.  A proposed form of Order is attached.

Respectfully submitted,

*/s/ Michelle H Badolato_____*
Eric M. Hurwitz, Esquire
Michelle H. Badolato, Esquire
Stradley Ronon Stevens & Young, LLP
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
(856) 321-2400

*Attorneys for Defendant,
Navient Solutions, LLC*
Dated: June 20, 2017                    *f/k/a Navient Solutions, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAUL DEMUTH, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | Case No. 2:17-cv-00675-NBF |
| | : | |
| v. | : | |
| | : | |
| NAVIENT SOLUTIONS, LLC f/k/a | : | |
| NAVIENT SOLUTIONS, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT/**
**PETITION TO CONFIRM ARBITRATION AWARD**

Navient Solutions, LLC f/k/a Navient Solutions, Inc. ("NSL"), submits this

Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint/Petition to

Confirm Arbitration Award (the "Complaint").

**I.      INTRODUCTION**

Through this action, Plaintiff, Paul Demuth, seeks to confirm an arbitration award

entered in a proceeding that Plaintiff commenced against NSL with the American Arbitration

Association ("AAA").[1]  The Court should now dismiss the action pursuant to Fed. R. Civ. P.

(12)(b)(6), however, because it is entirely premature.  Pursuant to the express contractual

agreement between the parties (given the amount of the arbitration award), either party had the

right to appeal the arbitrator's decision to a "three-arbitrator panel appointed by the

Administrator, which will reconsider de novo any aspect of the initial award that is appealed."

NSL has exercised its contractual right to a AAA appeal, which is now opened and pending.

---

[1]      The underlying action involves claims of violation of the Telephone Consumer Protection
Act, 47 U.S.C. § 227 ("TCPA"), which prohibits calls to cellular telephones using an automated
telephone dialing system without the called party's consent.  See 47 U.S.C § 227(b)(1).

NSL previously advised Plaintiff that it intended to exercise its contractual AAA appeal right before Plaintiff filed this Court action.  Plaintiff instead raced to the courthouse to attempt to confirm the award before the AAA appeal could proceed.

Plaintiff cannot deprive NSL of its AAA appeal rights under the parties' contractual agreement through a premature filing of this action to confirm the arbitration award.  The award is not subject to confirmation by the Court because it is not final until the now-pending AAA appeal is concluded.  Therefore, the Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted.

## II.       FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2007, Plaintiff signed a Signature Student Loan Application and Promissory Note ("Note") to complete his education at the International Academy of Design and Technology (the "Student Loan").[2]  (A copy of the Note is attached as Exhibit A to the Complaint.)  Section Q of the Note provides:

> ### ARBITRATION AGREEMENT – READ CAREFULLY
>
> You and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions. This Arbitration Agreement is part of the Signature Student Loan Promissory Note ("**Note**").

Id.  The arbitration agreement is governed by the Federal Arbitration Act, 9 U.S.C. §1 et seq. ("FAA").  (See Section Q.7 of the Note.)

---

[2]     Even if a complaint does not explicitly refer to or cite a document, the court may rely on an extrinsic document referenced in the complaint.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993).  Here, the Court can rely on the documents attached to this Motion because they are integral to Plaintiff's ability (or lack therefore) to confirm the underlying arbitration award.

On May 27, 2016, Plaintiff filed a Demand for Arbitration with the AAA pursuant to the arbitration agreement in the Note, seeking damages against NSL (the servicer of his Student Loan) for a purported violation of the TCPA.  Plaintiff alleges NSL made telephone calls to his cellular telephone number ending in -8029 without his consent.  Plaintiff further alleges NSL used an automatic telephone dialing system (an "ATDS") to make these calls, and in doing so, violated the TCPA.  NSL denied these allegations in the arbitration proceeding.

The parties conducted a AAA arbitration hearing on March 24, 2017.  On May 11, 2017, the arbitrator concluded that NSL violated the TCPA, and awarded Plaintiff $309,000.00 in statutory damages, which he then reduced by $15,702.95, representing an offset of the amount due owing on the Student Loan.  The total award was $293,297.05 (the "Award").  (A copy of the underlying Opinion and Award is attached as Exhibit B to the Complaint.)

Following entry of the Award, NSL filed a letter with AAA contending that there was an error with respect to the total Award amount based on the calculation of the total number of calls at issue.  (A copy of NSL's Letter is attached  hereto as Exhibit A.)  Plaintiff opposed NSL's letter, and the arbitrator has not yet reached a decision with respect to NSL's letter.

Pursuant to the arbitration agreement in the Note, either party could file an appeal of the arbitrator's Award.  Section Q.7. of the Note states:

> The arbitrator's award will be final and binding, ***except for***: (A) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"); and (B) ***Claims involving more than $50,000.  For Claims involving more than $50,000,  any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed.***

(See Note attached to the Compl.) (emphasis added).[3]

---

[3]      Pursuant to the Note, the "Administrator" is the AAA.  See Exhibit A at Section Q.3.

The Award at issue was for more than $50,000.  Accordingly, under Section Q.7(B) of the Note, NSL had an express contractual right to appeal the Award to a three-arbitrator panel appointed by AAA.  Further, under the Note, the Award would not be final and binding if NSL submitted a AAA appeal.

On May 16, 2017, counsel for NSL sent an e-mail to Plaintiff's counsel stating that NSL intended to appeal the Award to a three-arbitrator panel pursuant to its rights under the Note.  (A copy of the May 16, 2017 e-mail is attached hereto as Exhibit B.)  Plaintiff's counsel did not respond to the e-mail.  Instead, on May 23, 2017, without any notice to NSL, Plaintiff filed this action seeking to confirm the Award.

Pursuant to Rule A-3 of the AAA's Appellate Arbitration Rules, NSL could file an appeal within thirty (30) days from the date the underlying Award is submitted to the parties.  (A copy of the pertinent AAA rules is attached hereto as Exhibit C.)  Therefore, NSL had until June 12, 2017, to file an appeal with AAA.  On June 5, 2017, NSL filed  its AAA appeal under Case No. 01-16-0002-0590-02.  (A copy of the Notice of Appeal is attached hereto as Exhibit D.)

NSL now seeks to dismiss this action to confirm the award in light of the pending AAA appeal and NSL's rights under the Note.

## III.   ARGUMENT

### A.   Standard Of Review.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  A complaint must be dismissed if it does not contain "enough facts to state a claim that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555)  Further, a complaint must contain more than unsupported legal conclusions.  Id.  "While a complaint attacked by a Rule 12(b)(6) motion to

dismiss does need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must plead more than the mere possibility of relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). If the complaint permits only an inference of the mere possibility of misconduct, it must be dismissed. Id. at 210–11.

Further, the ripeness doctrine requires courts to evaluate "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." Save Ardmore Coal. v. Lower Merion Twp., 419 F. Supp. 2d 663, 670 (E.D. Pa. 2005)(citing Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967). Ripeness is a justiciability doctrine intended to prevent a court from entangling itself in abstract disagreements by avoiding premature adjudication. See Nat'l Park Hospitality Ass'n v. Dept. of the Interior, 538 U.S. 803, 807 (2003); see also NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir.2001). Under the fitness test, courts consider whether the issues are purely legal, the degree of finality of the challenged action, whether the claim involves uncertain or contingent events that may not occur as anticipated, the extent to which further factual development would aid in decision making, and whether the parties are sufficiently adverse. See NE Hub Partners, 239 F.3d at 342, n. 8; and Phila. Fed'n of Teachers v. Ridge, 150 F.3d 319, 323 (3rd Cir. 1998). Where claims are not ripe, the court should dismiss the case under Fed. R. Civ. P. 12(b)(6). See Save Ardmore Coal. v. Lower Merion Twp., 419 F. Supp. 2d 663, 666 (E.D. Pa. 2005).

**B.**     **Plaintiff's Efforts To Confirm The Award Are Premature Because It Is Not Final, As NSL Has Submitted an Appeal With AAA.**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, permits the use of arbitration and specifically authorizes individuals in commercial transactions to contract for arbitration. The FAA evinces a "liberal policy favoring arbitration," and so the legislation "compels judicial enforcement of a wide range of written arbitration agreements."  Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 111 (2001).  Under Section 9 of the Act:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in section 10 and 11 of this title.

9 U.S.C. § 9.  See also Impala Platinum Holdings Ltd. v. A-1 Specialized Servs. & Supplies, Inc., No. CV 13-2930, 2016 WL 1642414, at *4–5 (E.D. Pa. Apr. 26, 2016).

"[C]onfirmation of an arbitration award is 'a summary proceeding that merely makes what is already a *final* arbitration award a judgment of the court.' " D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir.2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir.1984)) (emphasis added).  However, a court should not entertain a lawsuit challenging an arbitration award until the arbitration is complete and the award is final.  See, e.g., Verizon Pennsylvania LLC v. Commc'ns Workers of Am., 216 F. Supp. 3d 530, 533–34 (E.D. Pa. 2016) (citing Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio & Mach. Workers of Am., Local 610, 900 F.2d 608, 610 (3d Cir. 1990)).  The Third Circuit refers to this principle as the "complete arbitration rule," intended to avoid fragmented litigation.  Id.

Further, a court should not confirm an arbitration award while an appeal is pending with the arbitration tribunal.  See, e.g., Hulley Enterprises Ltd. v. Russian Fed'n, 211 F. Supp. 3d 269

(D.D.C. 2016)(agreeing that district court action to confirm arbitration award should not proceed while appeal pending with the arbitral tribunal).  Further, a party opposing confirmation of an award may rightly respond by asserting grounds for partial or whole vacatur.  <u>D.H. Blair & Co. v. Gottdiener</u>, 462 F.3d 95, 104 (2d Cir. 2006).

<u>Hulley</u> is instructive.  There, the plaintiff obtained an arbitration award and then initiated a proceeding in the district court to confirm the award pursuant to Section 9 of the Federal Arbitration Act (the "FAA").  <u>Id</u>. at 274.  The defendant, however, had appealed the award to the Court of Appeal of The Hague**.**  <u>Id</u>.  Therefore, the district court determined that the award could be confirmed only ***after*** the appeal proceedings were completed.  <u>Id</u>. at 288.  The court reached the same decision in <u>EDF Intern. S.A. v. YPF S.A.</u>, 676 F.Supp.2d 317 (D. De. 2009)(reaffirming district court proceeding to confirm arbitration award should not proceed where appeal was pending).  In <u>EDF Intern</u>., both parties challenged the arbitration award to the arbitral tribunal's court of appeals.  <u>Id</u>. at 319.  Nevertheless, the plaintiff filed a petition in the district court to confirm and enforce the award.  Id.  Therefore, the court agreed that the district court proceeding was not ripe because of the pending appeal of the arbitration award.

The same result must follow here because the Award is not final.  Under Section Q.7(B) of the Note, NSL had a contractual right to appeal the Award to a three-arbitrator panel appointed by AAA because the amount of the Award was greater than $50,000.  The Note further states that any Award would not be final and binding if NSL submitted a AAA appeal.  NSL has done exactly that by timely exercising its express rights to a three-arbitrator appeal with the AAA.  (<u>See</u> the Note attached to the Compl.)  That proceeding is ongoing, and Plaintiff does not have a right as a matter of law to deprive NSL of its contractual rights to its appeal.

Parties to a contract are bound by the terms of their agreement.  <u>See</u> <u>Mellon Bank, N.A. v. Aetna Business Credit, Inc.</u>, 619 F.2d 1001, 1009 (3rd Cir. 1980); <u>Transportation Ins. Co. v.</u>

Spring-Del Assocs., 159 F. Supp. 2d 836, 839 (E.D. Pa. 2001) (noting that parties to a contract may enter into whatever agreement they desire, and they will be bound by that contract) (citing Mellon Bank, N.A. v. Aetna Bus. Credit, 619 F.2d 1001, 1009 (3d Cir.1980)).  Here, NSL is entitled to appeal the Award with AAA based on a binding provision of the Note.

Finally, NSL sent a letter to the arbitrator explaining an error with respect to the Award based on the calculation of the total number of calls at issue.  (See Exhibit A.)  Therefore, the Award itself is subject to amendment once the arbitrator makes his ruling.

Accordingly, the Award is not final and is not ripe for confirmation by the Court.  The Court should dismiss this action for failure to state a claim upon which relief could be granted.

## IV.  CONCLUSION

For all the foregoing reasons, the Court should dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

*/s/ Michelle H. Badolato*
Eric M. Hurwitz, Esquire
Michelle H. Badolato, Esquire
Stradley Ronon Stevens & Young, LLP
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
(856) 321-2400

*Attorneys for Defendant,*
*Navient Solutions, LLC f/k/a Navient*
Dated: June 20, 2017                              *Solutions, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAUL DEMUTH, | : | Case No. 2:17-cv-00675-NBF |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NAVIENT SOLUTIONS, LLC f/k/a | : | |
| NAVIENT SOLUTIONS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>CERTIFICATION OF MICHELLE H. BADOLATO</u>**

I, Michelle H. Badolato, hereby certify as follows:

1.      I am an attorney for Defendant, Navient Solutions, LLC f/k/a Navient

Solutions, Inc. ("NSL") in connection with the above-captioned action.  As such, I am familiar

with the facts set forth in this Certification.

2.      Attached hereto as ***Exhibit A*** is a true and correct copy of the NSL's May

26, 2017 Letter to the arbitrator.

3.      Attached hereto as ***Exhibit B*** is a true and correct copy of the May 16,

2017 E-mail correspondence sent to Plaintiff's counsel from counsel for NSL.

4.      Attached hereto as ***Exhibit C*** is a true and correct copy of the pertinent

AAA rules.

5.      Attached hereto as ***Exhibit D*** is a true and correct copy of the Notice of

Appeal.

I certify that the foregoing statements are true to the best of my knowledge and

belief.  I am aware that if any of the foregoing statements are willfully false, I am subject to

punishment.

/s/ Michelle H. Badolato
Michelle H. Badolato

Dated:  June 20, 2017

# 3260696

## **CERTIFICATE OF SERVICE**

I, Michelle H. Badolato, Esquire, hereby certify that on June 20, 2017, I caused the foregoing Motion to Dismiss or in the alternative for Summary Judgment to be electronically filed via the Court's ECF system.  The foregoing document is available for viewing and downloading from the PACER system.

*/s/ Michelle H. Badolato*
Michelle H. Badolato

# 3258467