# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL DEMUTH, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 17-675 |
| v. | ) |
| | ) Hon. Nora Barry Fischer |
| NAVIENT SOLUTIONS, LLC f/k/a | ) |
| NAVIENT SOLUTIONS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint to Confirm Arbitration Award and supporting briefing, (Docket No. [8]); Plaintiff's response in opposition, (Docket No. [11]); and Defendant's reply, (Docket No. [14]). After careful consideration of the parties' submissions; the contractual agreement between the parties; the arbitrator's opinion and award; the Federal Arbitration Act ("FAA"); the American Arbitration Association's ("AAA") Optional Appellate Arbitration Rules; the Consumer Arbitration Rules; Defendant's pending appeal of the arbitration award before the AAA; the standards governing motions to dismiss set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and as articulated in Third Circuit precedent, *see, e.g.*, *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016); and for the following reasons, Defendant's Motion to Dismiss (Docket No. [8]), is GRANTED, without prejudice to Plaintiff's right to challenge a final award.

By way of background, Plaintiff signed a Signature Student Loan Application and Promissory Note ("the Note") on February 23, 2007. (Docket No. 6-3). Section Q of the Note provides:

> **ARBITRATION AGREEMENT — READ CAREFULLY**
> You and I agree that either party may elect to arbitrate — and require the other party to arbitrate — any Claim under the following terms and conditions. This Arbitration Agreement is part of the Signature Student Loan Promissory Note **("Note")**.

(*Id.* at 5) (emphasis in original). On May 27, 2016, Plaintiff filed an action against Defendant before the AAA, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). (Docket No. 6-2). On May 11, 2017, the arbitrator concluded that Defendant had violated the TCPA and awarded Plaintiff $309,000.00, to be reduced by $15,702.95 as an offset of the amount due on the loan, for a total award of $293,297.05. (Docket No. 6-4 at 9). After Defendant filed an application for a modification of the award, the arbitrator corrected his mathematical errors on June 21, 2017, and awarded Plaintiff $300,000.00, to be reduced by $15,702.95, for a total award of $284,297.05. (Docket No. 6-6).

Section Q.7 of the Note states:

> EFFECT OF ARBITRATION AWARD — Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (A) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. (the "FAA"); and (B) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA.

(Docket No. 6-3 at 6). On May 16, 2017, Defendant's counsel sent an e-mail to Plaintiff's counsel stating that Defendant intended to appeal the award to a three-arbitrator panel. (Docket No. 8-1). On June 5, 2017, Defendant filed its AAA appeal under Case No. 01-16-0002-0590-02. (Docket No. 8-3). On June 29, 2017, the AAA sent a letter to Plaintiff and Defendant, wherein it acknowledged that the filing requirements had been met and stated that the Consumer Arbitration Rules are applicable. (Docket No. 8-4).

2

In support of its Motion to Dismiss, Defendant argues that Plaintiff's action before this Court is premature because its appeal is pending before the AAA. (Docket No. 8 at 8-11). Citing Rule A-1 of the AAA Optional Appellate Rules, Plaintiff contends that Defendant's appeal is barred because the arbitration agreement between the parties was a standardized form contract that is non-negotiable or substantially non-negotiable. (Docket No. 11 at 6-7). In reply, Defendant asserts that Rule A-1 does not prohibit the filing of AAA appeals and that the AAA's Consumer Arbitration Rules apply to its appeal. (Docket No. 14 at 1-5).

Current federal law and the law in effect when the Note was signed strongly favor arbitration and the enforcement of arbitration agreements. "In enacting the FAA and providing for the enforcement of arbitration agreements through the federal courts, Congress intended to 'reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts.'" *Berkery v. Cross Country Bank*, 256 F. Supp. 2d 359, 364 (E.D. Pa. Apr. 11, 2003) (quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000)). Section 9 of the FAA provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. The United States Court of Appeals for the Third Circuit follows the "complete arbitration rule." *Union Switch & Signal Div. Am. Standard, Inc. v. United Elec., Radio & Mach. Workers, Local 610*, 900 F.2d 608, 611 (3d Cir. 1990). Pursuant to the complete arbitration rule, "a district court should not entertain such a lawsuit challenging [an] arbitration award until the arbitration is complete and the award is final." *Verizon Pa. LLC v. Communs. Workers of Am., Local 1300*, 216 F. Supp. 3d 530, 538 (E.D. Pa. Oct. 20, 2016) (citing *Union*

*Switch & Signal Div. Am. Standard, Inc.*, 900 F.2d at 610). "'Generally, an arbitrator's decision is considered final when the arbitrator has completed his determination of every issue submitted by the parties.'" *Id.* (quoting *Millmen's Local 550, United Bhd. of Carpenters & Joiners v. Well's Exterior Trim*, 828 F.2d 1373, 1376 (9th Cir. 1987)).

Pursuant to this well-settled law, the Court finds that Plaintiff's action is premature. Plaintiff opposes Defendant's motion on the basis that Rule A-1 of the AAA Optional Appellate Rules prohibits an appeal. As Defendant has pointed out, however, after Defendant filed its appeal, the AAA sent a notice to the parties wherein it "acknowledge[d] that the filing requirements have been met" and stated that "[t]he Consumer Arbitration Rules have been applied to this matter." (Docket No. 8-4 at 1). More significantly, it is not for this Court to determine which rules apply to Defendant's appeal and whether the same is permissible. *See* AAA Optional Appellate Arbitration Rules, Rule A-13, Docket No. 11-6 at 9 (effective Nov. 1, 2013) (stating that "[t]he appeal tribunal shall interpret and apply these rules insofar as they relate to the appeal tribunal's powers and duties"); AAA Consumer Arbitration Rules, Rule 53, Docket No. 11-4 at 32 (effective Sept. 1, 2014) (stating that "[t]he arbitrator shall interpret and apply these Rules as they relate to the arbitrator's powers and duties"). Thus, the Court will grant Defendant's motion. *See, e.g.*, *Verizon Pa. LLC*, 216 F. Supp. 3d at 531 (granting motion to dismiss and finding that arbitration was not final because the defendant had filed suit seeking to vacate the award); *see also Hulley Enters. v. Russian Fed'n*, 211 F. Supp. 3d 269, 288 (D.D.C. 2016) (holding that arbitration award could not be confirmed until appeal proceedings in the Court of Appeal of The Hague were completed); *EDF Int'l S.A. v. YPF S.A.*, 676 F. Supp. 2d 317, 320 (D. Del. 2009) (holding that confirmation of an award would occur after the arbitral tribunal's court of appeals resolved the parties' respective appeals).

For these reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. [8]), is GRANTED, without prejudice to Plaintiff's right to challenge a final award.

IT IS FURTHER ORDERED that the Clerk of Court shall make this matter closed.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: August 15, 2017

cc/ecf: All counsel of record